FILED

SEP 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: MAXIMINO A. SANTOS and
GLORIA S.L. SANTOS,

               Debtors,

_____

MAXIMINO A. SANTOS and GLORIA
S.L. SANTOS,

               Appellants,

  v.

KATHY A. DOCKERY, Chapter 13
Trustee and U.S. TRUSTEE,

               Appellee.

No. 12-55145

D.C. No. 2:11-cv-03260-SVW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District Judge.[**]

Maximino and Gloria Santos appeal the district court's decision to affirm a bankruptcy court order establishing their ineligibility for Chapter 13 bankruptcy. This court reviews de novo a district court's decision on appeal from a bankruptcy court. *In re Focus Media, Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

The Santoses argue that they are eligible for Chapter 13 bankruptcy relief pursuant to 11 U.S.C. § 109(e) because they are seeking to discharge less than the statutory maximum in unsecured debt. We disagree. Chapter 13 eligibility is determined "by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001). Under *Scovis*, debts are defined as "secured" or "unsecured" for Chapter 13 eligibility purposes by applying the standard set out in 11 U.S.C. § 506(a). *Id.* at 983. Under § 506(a), the Santoses' three junior liens are readily categorized as unsecured because the property securing those debts is worth less than even the senior lien on the property. As such, the Santoses' total unsecured debt, including junior liens, is more than the maximum permitted by statute.

---

[**] The Honorable Brian M. Cogan, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

The Santoses argue that their case is distinguishable from *Scovis*.  We are not persuaded that the distinction between voluntarily incurred and involuntarily incurred liens distinguishes this case from *Scovis*, or that the voluntarily incurred nature of the Santoses' debt otherwise changes the outcome.

The Santoses raise several public policy arguments regarding disparities between junior creditors and Chapter 13 debtors and between similarly-situated debtors.  We leave these issues for Congress to decide.

Finally, because we find that the Santoses are ineligible for Chapter 13 relief, we decline to reach the issue of whether they are eligible for a repayment plan shorter than 60 months.

**AFFIRMED.**